ROBERT LEE WOOD, JR., By His Guardian Ad Litem, ROBERT LEE
    WOOD, SR. v. B. WALTON BROWN, Administrator of the Estate
    of ARCHIE MERRELL CREEF, JR., Deceased

No. 7319SC20

(Filed 27 December 1973)

1. **Automobiles § 45; Evidence § 51— automobile collision — intoxication
of driver — admissibility of blood test results**

In an action by a passenger against the estate of the deceased
driver to recover for injuries sustained in an automobile accident, the
trial court did not err in allowing into evidence the results of a blood
alcohol analysis performed upon a blood sample extracted from the
deceased driver's corpse, since that evidence was relevant with respect
to defendant's claim that plaintiff was contributorily negligent in
riding with the driver after plaintiff knew or should have known of
the driver's intoxicated condition, and there was evidence that the
blood sample was taken within three hours of the accident, the blood
was in fact taken from the body of the driver, and the sample was
sealed and delivered to an SBI chemist who was an expert in the
field.

2. **Automobiles §§ 90, 129— presumption as to intoxication — instruction
in civil action — error**

In an action to recover for personal injuries sustained in an
automobile accident where the intoxication of the driver was at issue,
the trial court erred in instructing the jury as to the rebuttable pre-
sumption created by G.S. 20-139.1 that a person with .10 percent or
more by weight of alcohol in his blood is under the influence of in-
toxicating liquor.

APPEAL by plaintiff from *McConnell, Judge,* May 1972 Ses-
sion of Superior Court held in RANDOLPH County.

Civil action by a passenger against estate of the deceased
driver to recover for personal injuries sustained by the pas-
senger in an automobile accident in which the driver was killed
and the passenger injured. Plaintiff alleged that the accident
occurred when the driver, driving his vehicle at night on a two-
lane blacktop road at a high and dangerous rate of speed in
excess of 100 miles per hour, attempted to pass other vehicles
around a curve and lost control of his car, which skidded off of
the highway and struck a utility pole. Defendant answered that
prior to and at the time of the accident the driver was intoxi-
cated, that the plaintiff had been with the driver a considerable
period of time prior to the accident and had been with him at
the time he purchased and consumed alcoholic beverages, and
that after plaintiff knew or by exercise of due care should have

known of the driver's intoxicated condition he had an oppor-
tunity to get out of the vehicle but failed to do so. Defendant
pled this conduct of plaintiff as contributory negligence.

The jury answered issues of negligence and contributory
negligence in the affirmative. From judgment on the verdict
dismissing the action, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper by Archie L. Smith for defendant appellee.*

PARKER, Judge.

[1] Appellant assigns error in the admission into evidence,
over timely objection, of the results of a blood alcohol analysis
performed upon the blood sample extracted from the deceased
driver's corpse. This evidence was properly admitted. "It is well
settled in this jurisdiction that the effect of alcohol in the blood-
stream as shown by proper chemical tests is competent evidence
on the question of intoxication." *Robinson v. Insurance Co.*, 255
N.C. 669, 122 S.E. 2d 801. Admissibility, however, is conditioned
upon "a showing of compliance with conditions as to relevancy
in point of time, tracing and identification of specimen, accu-
racy of analysis, and qualification of the witness as an expert
in the field." *Robinson v. Insurance Co., supra.* In the case at
bar, the results of the blood alcohol analysis were supported by
adequate foundation. According to uncontradicted evidence, the
wreck occurred at approximately 8:45 p.m. on 10 May 1969.
Creef, the driver, was rushed by ambulance to Randolph Hos-
pital in Asheboro, N. C., where, after treatment in the emer-
gency room, he expired at 10:05 p.m. Creef's body was then
taken to the Ridge-McDowell Funeral Home in Asheboro where
Mr. Bob Ridge, owner of the funeral home, at the request of a
highway patrolman, extracted a blood sample from the de-
ceased's heart "somewhere in the neighborhood of 10:30, 11:00,
11:30 prior to midnight," when the cadaver was placed on the
preparation table in the embalming room. The blood sample was
then sealed and sent to SBI chemist Glenn Glesne for analysis.
Appellant, while admitting that the mortician testified that he
"did not . . . insert any extraneous materials into the body prior
to the removal of the blood" contends that "proper evidence was
sought to be introduced showing injections of over 500 cc sub-
stances by the staff at the hospital, in an attempt to save
[Creef's] life." Appellant's intimation that the excluded hos-

pital records would have revealed injections which might have raised Creef's blood alcohol content is feckless, as the record indicates not only that these records, in fact, were admitted into evidence but also that the suspect substance was but a sucrose solution, dextran, used in severe shock cases. Appellant's suggestion that the "almost three hours" which elapsed between wreck and sample extraction somehow invalidates the test results is also without merit as there was competent, uncontradicted expert testimony to the contrary. Nor are we impressed with appellant's contention that the mortician lacked the skill needed to perform the relatively simple task of extracting the blood sample. Finally, defendant's argument that the result of a blood alcohol analysis was irrelevant to the issues at trial overlooks qualified expert opinion that the .21 percent reading indicated intoxication at the time of the accident. *Osborne v. Ice Co.*, 249 N.C. 387, 106 S.E. 2d 573; *McNeil v. Williams*, 16 N.C. App. 322, 191 S.E. 2d 916.

Appellant's contention that the court committed error in submitting an issue as to contributory negligence is also without merit. There was ample evidence from which the jury could find that plaintiff voluntarily continued to ride in the vehicle after having reasonable opportunity to leave it and after he knew or in exercise of due care for his own safety should have known that the driver was under the influence of an intoxicant.

[2] However, for error in a portion of the court's instructions to the jury there must be a new trial. Plaintiff testified that the driver was not at any time under the influence of any intoxicating liquor and that the accident occurred only because the driver, after having previously driven in a safe manner, suddenly drove his car at a high rate of speed and continued to do so over plaintiff's protest. Defendant's contention, on the contrary, was that the driver was under the influence of intoxicants and that plaintiff knew this but nevertheless continued to ride with him. Thus, we have here the somewhat unusual situation of the plaintiff-passenger contending that the driver was sober, while the defendant, representing the deceased driver, contends he was intoxicated. After reciting the contentions of the parties, the court instructed the jury as to the rebuttable presumption created by our statute, G.S. 20-139.1, arising from the fact that a person has .10 percent or more by weight of alcohol in his blood. By the express language of the statute, however, it applies "[i]n any criminal action" arising out of acts alleged

to have been committed by a person driving a vehicle while under the influence of intoxicating liquor. By no sound exercise of statutory construction can we take such specific language to authorize the application of the statutory presumption in civil actions. This holding is in accord with the great weight of authority from other jurisdictions. Annotation, 16 A.L.R. 3d 748, § 9, p. 757; *contra, Interstate Life & Ins. Co. v. Whitlock*, 112 Ga. App. 212, 144 S.E. 2d 532.

Appellee suggests that the erroneous instruction resulted in no prejudice to appellant because "there was other ample evidence from which the jury could find that the deceased driver on this occasion was under the influence of an intoxicating beverage at the time of the accident and that plaintiff was or should have been aware thereof." Our review of the record, however, indicates that appellee minimizes the importance of the presumption and exaggerates the strength of the evidence on this point. It was plaintiff's major contention that his injuries resulted from Creef's sudden, unexpected, and unexplained speeding in excess of 100 miles per hour moments before the accident, while defendant at once sought to explain Creef's behavior and to establish plaintiff's contributory negligence through Creef's prolonged and visible intoxication. Thus, the factual issue of Creef's intoxication was of critical importance to the outcome of the lawsuit, and, given the evidence before the jurors, we are not able to say that the erroneous instruction as to G.S. 20-139.1 did not assist the jury in deciding this issue against the plaintiff. Plaintiff is entitled to a

New trial.

Judges BRITT and VAUGHN concur.