ROBERT LEE WOOD, JR., BY HIS GUARDIAN AD LITEM ROBERT LEE WOOD, SR. v. B. WALTON BROWN, ADMINISTRATOR OF THE ESTATE OF ARCHIE MERRELL CREEF, JR., DECEASED

No. 7419SC1087

(Filed 2 April 1975)

1. Trial § 3— plaintiff in prison — denial of motion to continue proper

In an action to recover for personal injuries sustained in an automobile accident where plaintiff moved for a continuance on the ground that he could not be present for trial since he was confined in a prison in another state, the trial court did not err in denying his motion since plaintiff's counsel who had represented him at the first trial of the action had ample opportunity to prepare for trial, plaintiff had at his disposal for his use his own testimony in the form of an adverse examination as well as his testimony at the first trial, plaintiff had the benefit of the live testimony of three other witnesses who were passengers in defendant's automobile at the time of the accident, and plaintiff made no showing to the court that he would be able to attend the trial if the judge granted his motion for a continuance for the term.

2. Rules of Civil Procedure § 42; Trial § 8— four actions arising from one automobile accident — consolidation proper — limitation of issues to be decided

The trial court did not abuse its discretion in consolidating for trial four cases involving one automobile accident where the same defenses were interposed to each claim, and the court properly ordered trial of the issues of negligence and contributory negligence only.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 1 August 1974 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 11 March 1975.

Civil action by a passenger against estate of the deceased driver to recover for personal injuries sustained by the passenger in an automobile accident in which the driver was killed and the passenger injured. Plaintiff alleged that the accident occurred when the driver, driving his vehicle at night on a two-lane blacktop road at a high and dangerous rate of speed in excess of 100 miles per hour, attempted to pass other vehicles around a curve and lost control of his car, which skidded off of the highway and struck a utility pole. Defendant answered that prior to and at the time of the accident the driver was intoxicated, that the plaintiff had been with the driver a considerable period of time prior to the accident and had been with him at the time he purchased and consumed alcoholic beverages, and that after plaintiff knew or by exercise of due care should have known of the driver's intoxicated condition he had an opportunity to get out of the vehicle but failed to do so. Defendant pleaded this conduct of plaintiff as contributory negligence.

The jury answered issues of negligence and contributory negligence in the affirmative. From judgment on the verdict dismissing the action, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper by Archie L. Smith for defendant appellee.*

HEDRICK, Judge.

This case was first tried at the May 1972 Session of Superior Court held in Randolph County. Issues of negligence and contributory negligence at the first trial were submitted to and answered by the jury in the affirmative. From a judgment entered on the verdict dismissing his action, the plaintiff, represented then as now by Ottway Burton, appealed. The decision of this court finding error in the charge and ordering a new trial, filed 27 December 1973, is reported at 20 N.C. App. 307, 201 S.E. 2d 225 (1973).

When this case came on for trial again at the 29 July 1974 Session of Superior Court held in Randolph County, the defendant moved to consolidate the present case with three other civil actions instituted by three other plaintiffs against the same

Wood v. Brown

defendant for damages arising out of the same automobile accident. All of the plaintiffs in the four actions were represented by Mr. Burton. Two of the plaintiffs (James Creed Solesbee, Jr., and Ross Clarence Ayers) were passengers with Wood and the deceased driver in the automobile at the time of the accident. The third plaintiff (Robert Lee Ayers) is the father of the minor plaintiff (Ross Clarence Ayers) who, in his action, seeks to recover damages for medical expenses expended by him for treatment of injuries received by his son in the accident. Plaintiff Wood, through his attorney, made a motion to continue his case. The motion was supported by an affidavit of Era N. Wood, mother of the plaintiff, stating that the plaintiff Wood had been confined in the Glade Correctional Institution at Belle Glade, Florida since 28 January 1973, having received a sentence of three years, and that it would be impossible for him to be present at the trial of his case in the Superior Court of Randolph County during the week of 29 July 1974 because "the Florida correctional institute officials do not provide for furloughs out of the State on civil matters." The affiant further stated that she and the plaintiff's attorney were doing all they could to obtain a parole for the plaintiff "and that she expects some answer in the very near future as to her son's expected parole."

The trial court denied plaintiff Wood's motion to continue, allowed the defendant's motion to consolidate all the cases for trial, and further ordered "that all of said cases be tried at this term of Court solely upon the questions of negligence and contributory negligence and that the trial of such cases insofar as issues of damages are concerned be tried at a subsequent term of this Court in the event that such trial shall become necessary after the trial thereof upon the issues of negligence and contributory negligence as herein ordered."

[1] Plaintiff first contends the trial court erred in denying his motion to continue. It is a well-established rule that continuances are addressed to the sound discretion of the trial judge and may be granted only for good cause shown and as justice may require. G.S. 1A-1, Rule 40(b), Rules of Civil Procedure; *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971). A motion for a continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of a manifest abuse of discretion. *O'Brien v. O'Brien,* 266 N.C. 502, 146 S.E. 2d 500 (1966).

Since Wood's attorney represented all the plaintiffs and had represented Wood at the first trial in May 1972, it is clear he had ample opportunity to prepare for trial. Although Wood was unable to testify in person, he had at his disposal for use his own testimony in the form of an adverse examination taken 19 March 1971 by the defendant and the transcript of his testimony at the first trial. In addition, plaintiff Wood had the benefit of the live testimony of three other witnesses who were passengers in the defendant's automobile at the time of the accident. Furthermore, plaintiff Wood made no showing to the court that he would be able to attend the trial if the judge had granted his motion for a continuance for the term. In fact, the plaintiff made no showing as to the possibility of his attendance at any reasonable future time. The record discloses that Wood was imprisoned on 28 January 1973 and that unless paroled he would remain incarcerated until 28 January 1976. While we can sympathize with any litigant's desire to be in court when his case is tried, under the circumstances here presented we cannot say Judge Seay abused his discretion in refusing to continue the case for the term. See, *Janousek v. French,* 287 F. 2d 616 (8th Cir. 1961) ; *Cleeland v. Cleeland,* 249 N.C. 16, 105 S.E. 2d 114 (1958) ; *Clolinger v. Callahan,* 204 Ky. 33, 263 S.W. 700 (1924) ; 17 C.J.S. Continuances, §§ 27 and 31; Annot. 4 A.L.R. Fed. 929.

**[2]** Next, defendant contends the court erred in consolidating the four cases for trial and in ordering that the cases be tried only upon the issues of negligence and contributory negligence.

G.S. 1A-1, Rule 42(a), Rules of Civil Procedure, in pertinent part provides:

> "When actions involving a common question of law or fact are pending in one division of the court, the judge may order a joint hearing or trial of any or all the matters in issue in the actions; he may order all the actions consolidated; and he may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It is well-settled that the trial court in the exercise of its discretion may consolidate several cases involving different plaintiffs against a common defendant when the causes of action grow out of the same transaction and substantially the same defenses are interposed if such consolidation does not result in prejudice or harmful complications to either party. 7 Strong, N. C. Index 2d, Trial § 8.

Wood v. Brown

Obviously, the four cases here arose out of the same transaction, i.e., the one car accident, and the same defenses were interposed to each claim. Plaintiff has failed to demonstrate that the order consolidating the cases for trial resulted in any harmful complications or prejudice to any party. Moreover, the trial judge supported his order to try the cases only on the issues of negligence and contributory negligence by finding that "considerable expense would be involved in the trial of the damage issues in the various cases, and that the ends of justice would best be served by a trial at this session on the negligence and contributory negligence issues only." Plaintiff has failed to demonstrate any abuse of discretion upon the part of Judge Seay in consolidating the four cases for trial on the issues of negligence and contributory negligence. These assignments of error are overruled.

By his sixth, seventh, ninth, and tenth assignments of error, plaintiff contends the trial court erred in (1) allowing into evidence the results of a blood alcohol analysis performed upon the blood sample extracted from the deceased driver's corpse; (2) allowing a chemist from the SBI laboratory to give his opinion, based on the blood alcohol analysis, as to whether the deceased driver was under the influence of an intoxicating beverage at the time of the accident; (3) allowing a medical doctor to give his opinion, based on the blood alcohol analysis, as to whether the deceased driver was under the influence of an intoxicating beverage at the time of the accident; and (4) submitting to the jury an issue of contributory negligence.

Upon evidence substantially identical to the evidence now before us, each of these questions was raised and argued by plaintiff in the prior appeal of this case. On authority of the opinion in the former appeal of *Wood v. Brown, supra,* and the citations therein, we hold these assignments of error to be without merit.

Plaintiff has other assignments of error which he has argued in his brief which were not raised in the former appeal and which we have not discussed here. We have carefully considered each exception upon which all of the assignments of error are based, including each exception to the charge, and conclude that plaintiff had a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.