VANCE TRUCKING COMPANY, INC. AND MYRTLE N. WALKER, ADMINISTRATRIX OF THE ESTATE OF HORACE HOBART WALKER v. ALLEN ROSS PHILLIPS, ED KEMP ASSOCIATES, INC. AND CHARLES JENNINGS GEORGE, JR.

————————————

ALLEN ROSS PHILLIPS AND ED KEMP ASSOCIATES, INC. v. VANCE TRUCKING COMPANY, INC. AND MYRTLE N. WALKER, ADMINISTRATRIX OF THE ESTATE OF HORACE HOBART WALKER

No. 8314SC93

(Filed 7 February 1984)

1. Appeal and Error § 68— admissibility of evidence—law of the case

Testimony by a breathalyzer operator and a medical pharmacologist concerning defendant's blood alcohol level some time after and at the time of an accident was admissible under the doctrine of the law of the case where such testimony had been ruled admissible by the Court of Appeals on a prior appeal of this case.

2. Automobiles and Other Vehicles § 90.1— instructions on driving with blood alcohol content of .10%

The trial court's instructions concerning negligence by the operation of a motor vehicle upon the highways with a blood alcohol level of .10% or more by

weight did not set forth a rebuttable presumption that a person with a .10% or greater blood alcohol level is intoxicated.

**3. Trial § 46— impeachment of verdict**

No evidence may be received that shows the effect of any statement, conduct, event or condition upon the mind of a juror or the mental processes by which the verdict was determined.

**4. Appeal and Error § 68— admissibility of evidence—law of the case**

The trial court erred in excluding testimony which another panel of the Court of Appeals had specifically held to be admissible in this case.

**5. Rules of Civil Procedure § 42— severance of issues of liability and damages**

While the trial court has the discretion to bifurcate the trial as to the issues of liability and damages, the court should enter findings and conclusions establishing the appropriateness of the severance of the issues for trial. G.S. 1A-1, Rule 42(b).

APPEAL by plaintiffs and defendants, Phillips and Ed Kemp Associates from *Preston, Judge.* Judgment entered 22 September 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 January 1984.

These are consolidated cases arising from claims by plaintiff, Walker, for wrongful death and plaintiff, Vance Trucking Company, for property damage to a tractor trailer and its contents, and counterclaims by defendants, Phillips and Ed Kemp Associates, for property damage and personal injury. All claims arose from a collision in 1975 involving plaintiff's intestate and defendant.

These claims were initially heard in 1980, at which time the trial court directed a verdict in defendants' favor. Plaintiffs appealed and another panel of this court reversed in *Trucking Co. v. Phillips,* 51 N.C. App. 85, 275 S.E. 2d 497, *review denied,* 303 N.C. 320, 281 S.E. 2d 659, *pet. for reconsideration denied,* 303 N.C. 550, 281 S.E. 2d 661 (1981). On remand, the case resulted in a hung jury and a mistrial. After a subsequent trial, which forms the subject of this appeal, the jury rendered a verdict finding no liability as to any of the parties. We see no reason to repeat the underlying facts, set out in *Trucking Co. v. Phillips, supra.*

*M. Alexander Biggs for plaintiffs/defendants appellants, Vance Trucking Company, Inc. and Myrtle N. Walker.*

*M. Alexander Biggs, by D. Royce Powell, for plaintiffs/defendants cross-appellees, Vance Trucking Company, Inc. and Myrtle N. Walker.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for appellee, Charles Jennings George, Jr.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Alan W. Duncan, for defendant appellees and cross-appellants, Alan Ross Phillips and Ed Kemp Associates, Inc.*

VAUGHN, Chief Judge.

On appeal, plaintiffs and defendants, Phillips and Ed Kemp Associates, set forth several assignments of error with respect to errors allegedly made by the trial court. Since none of plaintiffs' assignments of error relate to the liability of defendant, George, we affirm that part of the jury verdict finding no liability as to defendant, George.

## Defendants' Contentions

[1] At trial, a licensed breathalyzer operator testified that three hours and fifty-five minutes after the accident, defendant, Phillips, had a blood alcohol level of .07% by weight. A medical pharmacologist testified that in his opinion, defendant's blood alcohol level at the time of the accident would have been .13% by weight. Defendants now contend that this testimony should have been excluded since the results of a breathalyzer test and expert testimony relating thereto are inadmissible and compromise the rule against cross examination regarding a criminal conviction or acquittal in a civil action. Another panel of this court has already settled this question to the contrary. *See Trucking Co. v. Phillips, supra.* We feel, as did the trial judge, that under the doctrine of the law of the case, the testimony in question was admissible at this trial. *See Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673 (1956).

[2] Defendants also contend that the judge's charge to the jury was improper in that it set forth a rebuttable statutory presumption that a person with a .10% or greater blood alcohol level is intoxicated. While we agree with defendants that the presumption of intoxication created in G.S. 20-139.1 relates only to criminal ac-

tions, we, nevertheless, find no merit in defendants' contention. *See Wood v. Brown*, 20 N.C. App. 307, 201 S.E. 2d 225 (1973), *later appeal*, 25 N.C. App. 241, 212 S.E. 2d 690, *cert. denied*, 287 N.C. 469, 215 S.E. 2d 626 (1975). The trial judge charged, in pertinent part:

> The motor vehicle law provides that it is unlawful for any person to operate a vehicle upon any highway when the amount of alcohol in his blood is 0.10 percent or more by weight.
>
> Driving with an amount of alcohol in the blood of 0.10 percent or more by weight is negligence within itself.
>
> However, a finding of such negligence does not establish a causal connection between it and the collision. The driver's condition, operating a vehicle with an amount of alcohol in his blood of 0.10 percent or more by weight, must have caused him to violate some other rule of the road and to operate his vehicle in a manner which was a proximate cause of the collision.
>
> If you find, by the greater weight of the evidence, that Alan Ross Phillips was negligent in that he operated a vehicle while the amount of alcohol in his blood was 0.10 percent or more by weight, then you would consider this negligence in determining whether he was capable of maintaining proper control of this vehicle in the same manner as a reasonably careful and prudent person would have done under all of the circumstances then existing.

The above instruction created no presumption of intoxication and was in accordance with recognized law. A violation of a statute like the one herein that imposes a duty for the protection of others constitutes negligence *per se. Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 88 S.E. 2d 333 (1955).

After trial, plaintiffs moved for a new trial and submitted affidavits of two jurors to support their motion and show the materiality and prejudicial effect of the trial court error in excluding the testimony of Mr. William Wallace regarding the asphalt he found in the Pinto's bumper.

[3]   No evidence may be received that shows the effect of any statement, conduct, event or condition upon the mind of a juror or the mental processes by which the verdict was determined. *See State v. Cherry*, 298 N.C. 86, 257 S.E. 2d 551 (1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2165, 64 L.Ed. 2d 796 (1980). Although the trial court erred by receiving the affidavits of these jurors, such error was harmless. The trial court denied plaintiffs' motion for a new trial. We have not considered such affidavits on appeal.

Defendants lastly contend that the trial court erred in not granting their motions for a directed verdict at the close of plaintiffs' evidence or at the conclusion of all the evidence. In *Trucking Co., supra*, another panel of this court held that, with substantially similar testimony, the trial court erred in directing a verdict for defendants at the close of plaintiffs' evidence. We are bound by this decision under the doctrine of the law of the case. *See Hayes v. Wilmington, supra.*

## Plaintiffs' Contentions

[4]   Plaintiffs first contend that the trial court erred by excluding the testimony of William Wallace pertaining to asphalt found in the bumper of defendant's vehicle. Realizing the consequences of our holding, we, nevertheless, agree with plaintiffs' contention. The doctrine of the law of the case overrides our hesitation to subject the parties to a fourth trial. In *Trucking Co., supra*, plaintiffs had excepted to several of the trial court's rulings excluding the testimony of Mr. William Wallace. The panel deciding the case found merit in the exception. Specifically, it held the following trial court ruling to be in error:

COURT: Now, ladies and gentlemen, the Court allows the defendant Phillips' motion to strike all of the testimony of the witness with respect to his observation of a tear shaped gouge in the pavement. You may not consider any of his testimony in that respect. You must disabuse your minds of his description of the so-called "gouge" that he saw. You must disregard and disabuse your minds of his testimony concerning the location of that gouge or mark in the pavement. You must disregard and disabuse your minds of his testimony concerning his visual comparison of the material that he has heretofore described as asphalt and rock on or about a

bumper guard that he was in Greensboro or near the Ford automobile that he has described with the composition of the surface of Interstate 85 at the place that he has testified that he saw a "gouge" mark. None of that evidence, none of that testimony may be given any consideration by you. It is ordered stricken by the Court as being legally incompetent for your consideration. Pass to the next matter.

The trial court committed reversible error by excluding testimony another panel of this court specifically held to be admissible. *Trucking Co. v. Phillips, supra.*

[5]   Plaintiffs also contend that the trial court erred in bifurcating the trial as to the issues of liability and damages. The trial judge has discretion, under G.S. 1A-1, Rule 42(b) to sever issues for trial in order to further convenience or avoid prejudice. On remand, if the trial judge exercises such discretion, we recommend that he enter findings and conclusions that will establish the appropriateness of severance. *See Wallace v. Evans,* 60 N.C. App. 145, 298 S.E. 2d 193 (1982). It seems to us that to try all issues in the next trial would not present a suit of unmanageable size and would tend to lessen the already protracted delay in the resolution of this controversy.

Reversed and remanded for proceedings not inconsistent with this opinion.

Judges HILL and EAGLES concur.