WACHOVIA BANK AND TRUST COMPANY, N.A., a NATIONAL BANKING ASSOCIATION, PLAINTIFF v. CARRINGTON DEVELOPMENT ASSOCIATES, a NORTH CAROLINA GENERAL PARTNERSHIP; E. HAROLD KEITH; JOYCE G. KEITH; AND HENRY H. KNIGHT, DEFENDANTS

No. 9410SC203

(Filed 18 July 1995)

## 1. Guaranty § 17 (NCI4th); Negotiable Instruments and Other Commercial Paper § 102 (NCI4th)— failure to disburse loan funds—lender's refusal justified

There was no merit to defendant guarantors' contention that they should not be held liable for the borrower's default on a construction loan based on plaintiff lender's wrongful failure to disburse certain remaining funds prior to the maturity date of the loan, since plaintiff had no duty to disburse funds if debts to contractors and materialmen had not been paid; the record showed

that liens had already been filed against the property by contractors prior to any failure to disburse by plaintiff; plaintiff had no duty to release remaining funds for "tenant fit up"; and the guarantors' claimed defenses of breach of contract by failure to disburse, wrongful impairment of collateral, and breach of the duty of good faith were not available.

**Am Jur 2d, Bills and Notes §§ 933, 962; Guaranty §§ 79, 89.**

2. **Unfair Competition or Trade Practices § 39 (NCI4th)— lender's refusal to disburse loan funds—no unfair or deceptive trade practice**

Plaintiff lender's failure to disburse funds pursuant to a construction loan contract did not amount to an unfair or deceptive trade practice, since plaintiff was simply exercising its right under the loan agreement to withhold funds; furthermore, even if plaintiff had wrongfully failed to disburse funds, such failure would be a breach of contract issue insufficient to sustain an unfair and deceptive trade practices action under N.C.G.S. § 75-1.1.

**Am Jur 2d, Consumer and Borrower Protection §§ 302 et seq.; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

3. **Unfair Competition or Trade Practices § 39 (NCI4th)— sale of secured property—allocation of proceeds—no unfair and deceptive trade practice**

There was no merit to defendant guarantors' contention that plaintiff lender committed an unfair or deceptive trade practice by misapplying proceeds from the sale of a portion of the secured property, since the evidence showed that defendants agreed beforehand to plaintiff's application of the sale proceeds.

**Am Jur 2d, Consumer and Borrower Protection §§ 302 et seq.; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

4. **Unfair Competition or Trade Practices § 39 (NCI4th)— appointment of receiver—no unfair and deceptive trade practice by lender**

There was no merit to defendant guarantors' contention that plaintiff lender committed an unfair or deceptive trade practice by having a receiver appointed for shopping center property, since plaintiff was entitled to appointment of the receiver under provisions of its deed of trust and perfected security interest; there was ample evidence that the borrower had severe financial difficulties; and plaintiff had a right to protect its security interest in the property. N.C.G.S. § 1-502(1).

**Am Jur 2d, Consumer and Borrower Protection §§ 302 et seq.; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

5. **Trial § 59 (NCI4th)— summary judgment motion—failure to file affidavits in timely manner—motion to continue properly denied**

Even though plaintiff did not file supporting affidavits with its motion for summary judgment as required under N.C.G.S. § 1A-1, Rule 6(d), they were filed in sufficient time before the hearing to prevent any prejudice to defendants and they contained only information already known to defendants; therefore, the trial court did not abuse its discretion in denying defendant's motion for continuance of the summary judgment hearing on the ground that affidavits were not timely filed.

**Am Jur 2d, Summary Judgment § 16.**

Appeal by defendants E. Harold Keith and Joyce G. Keith from judgment entered 7 October 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 27 January 1995.

Defendant Carrington Development Associates (Carrington) executed a construction loan agreement with plaintiff Wachovia Bank and Trust Company, N.A. (Wachovia) in the principal amount of $1,700,000 on 17 October 1988. The loan was intended to finance an expansion of the Knightdale Crossing Shopping Center (Phase II). As security for the loan, Carrington granted Wachovia a first deed of

WACHOVIA BANK & TRUST CO. v. CARRINGTON DEVELOPMENT ASSOC.

[119 N.C. App. 480 (1995)]

trust on Phase II. Wachovia also received a second-priority assignment of rents on Phase I. As additional security, defendants E. Harold Keith and Henry H. Knight, the partners in Carrington, and Joyce G. Keith, wife of E. Harold Keith, executed a Mortgage Loan Guaranty Agreement whereby each guaranteed payment of the construction loan.

The parties modified the loan agreement in May 1990 and Wachovia provided Carrington an additional $150,000. In return, Wachovia received deeds of trust on various real properties owned by the Keiths and Knight.

Carrington failed to pay the loan balance when it matured on 17 October 1990. Wachovia filed this action on 30 January 1991 to collect the debt. Defendant Knight filed an answer in his individual capacity and on behalf of Carrington and also filed a cross-claim against the Keiths. Joyce Keith filed answers to Wachovia's complaint and Knight's cross-claim. E. Harold Keith filed the following: (1) a motion to dismiss and answer to Wachovia's complaint in his individual capacity and on behalf of Carrington, (2) a motion to dismiss and answer to Knight's cross-claim, and (3) a counterclaim against Wachovia. The Keiths asserted as a defense Wachovia's failure to disburse remaining loan funds prior to the maturity date. E. Harold Keith's counterclaim alleged certain acts of Wachovia constituted unfair or deceptive trade practices.

Wachovia released a parcel of land owned by Henry Knight from the deed of trust at the request of Carrington after the filing of the original suit. The property was sold to Wal-Mart, with the proceeds of the sale disbursed and the remainder applied to the outstanding debt as prescribed by an agreement between the defendants and Wachovia dated 23 December 1991.

In June 1992, Wachovia foreclosed on Phase II. Knight filed a personal bankruptcy petition 30 June 1992, which stayed the actions against him. Under the direction of the bankruptcy court, real properties owned by Knight which were security for the construction loan were sold or surrendered, with the proceeds applied to the outstanding debt. These actions significantly reduced Carrington's loan balance. In fact, all reduction of the principal balance resulted from the sale of property owned by Carrington or individually owned by Knight. Wachovia did not foreclose on any of the properties securing the loan which were owned by the Keiths.

**WACHOVIA BANK & TRUST CO. v. CARRINGTON DEVELOPMENT ASSOC.**

[119 N.C. App. 480 (1995)]

On 21 June 1993, Wachovia filed a motion for summary judgment on its claims against the Keiths and on the counterclaim filed by E. Harold Keith. A hearing on the motion was scheduled for 4 October 1993. Wachovia filed affidavits in support of the motion for summary judgment on 21 September 1993. The Keiths filed a motion to continue the summary judgment hearing on 30 September 1993, and an affidavit signed by E. Harold Keith supporting the continuance motion was filed the following day.

On 7 October 1993, the trial court granted summary judgment in favor of Wachovia and against the Keiths, finding them jointly and severally liable in the amount of $372,249.98 for principal balance, accrued interest of $9,844.00, default interest under the terms of the note in the amount of $21,573.74, plus reasonable attorney fees and costs. The court also granted summary judgment in favor of Wachovia as to E. Harold Keith's counterclaim. From this judgment, the Keiths appeal.

*Womble Carlyle Sandridge & Rice, by G. Eugene Boyce, William C. Matthews, Jr., and Elizabeth L. Riley, for plaintiff-appellee.*

*Wood & Francis, PLLC, by Brent E. Wood, for defendant-appellants.*

McGEE, Judge.

Appellants assign as error: (1) the trial court's grant of summary judgment in favor of Wachovia and against the Keiths on the issue of liability on the Carrington loan, (2) the grant of summary judgment in favor of Wachovia on the issue of Harold Keith's counterclaim against Wachovia, and (3) the trial court's denial of the Keiths' motion to continue the hearing of Wachovia's summary judgment motion. For the reasons stated below, we affirm the decision of the trial court.

I. Liability Under The Loan Guaranty

[1] The Keiths argue they should not be held liable for Carrington's default on the construction loan. We disagree.

The Keiths and Henry Knight executed a Mortgage Loan Guaranty Agreement on 17 October 1988, whereby they unconditionally guaranteed to Wachovia the payment of $1,700,000 in principal plus interest at the maturity date of the loan. The agreement states the liability is "direct and immediate and not conditional or contingent upon the pursuit of any remedies against the Borrower or any other person"

and each of the signers of the guaranty "shall be jointly and severally bound." The Keiths reaffirmed this guaranty when they and Henry Knight executed a Loan Modification Agreement on 22 May 1990. The loan balance remained unpaid after the 17 October 1990 maturity date. Therefore, absent any available defenses, the Keiths are liable for the unpaid Carrington loan balance.

The Keiths argue Wachovia's failure to disburse certain remaining funds prior to the maturity date of the loan constitutes a breach of the loan contract and provides the Keiths with a defense relieving them from liability under the guaranty agreement. The Keiths also argue Wachovia's failure to disburse funds constituted an unjust impairment of collateral in violation of N.C. Gen. Stat. § 25-3-606 (1986) and a breach of the duty of good faith owed under N.C. Gen. Stat. § 25-1-203 (1986). Although the parties disagree as to whether Wachovia first refused to disburse loan funds in late 1989 or spring of 1990, this disagreement is not material under the facts and circumstances of the case.

The Building Loan Agreement executed 17 October 1988 and signed by Harold Keith and Henry Knight on behalf of Carrington contains the following provision:

As a condition to its obligation to make the initial and each and every other disbursement of funds hereunder the Bank [Wachovia] may require satisfactory evidence of the payment of all debts owing contractors, surveyors, engineers, architects, materialmen and the like for labor done or professional design or surveying services, or material furnished pursuant to any contract with respect to the Improvements.

Pursuant to this provision, Wachovia had no duty to disburse funds if debts to contractors, materialmen, etc. had not been paid. The record shows liens had already been filed against Phase II by contractors prior to any failure to disburse by Wachovia.

Plaintiff's Second Request For Admissions To E. Harold Keith, pursuant to N.C.R. Civ. P. 36, requested that Keith "[a]dmit that, at the time Wachovia ceased disbursements under the loan agreement to Carrington, liens had been filed against the Knightdale Crossings Shopping Center Expansion [Phase II]." Harold Keith's response was: "Admitted." N.C.R. Civ. P. 36(b) states in part: "Any matter admitted under [Rule 36] is conclusively established unless the court on

motion permits withdrawal or amendment of the admission." Keith never moved to withdraw or amend this admission, and therefore it has been conclusively established. Keith also certified under seal, in a document executed 31 May 1990, that liens had been filed against the property in 1989. A lien in the amount of $52,009.40 was filed 18 May 1989 and another for $5,077.00 was filed 22 November 1989. Both of these liens were filed well before the Keiths claim Wachovia failed to disburse funds in late December 1989.

Since liens had been filed by materialmen and suppliers against the Phase II property, Carrington could not provide Wachovia with satisfactory evidence of "the payment of all debts owing contractors, . . . materialmen and the like," which was a condition to Wachovia's obligation to disburse set forth in the loan agreement. Under the facts presented, Wachovia had no duty to make further disbursals. Because Wachovia had the right to refuse to disburse the remaining funds, we need not consider whether the failure to disburse constituted a breach of the loan agreement or unjust impairment of collateral to such an extent that it would, as the Keiths argue, relieve them from liability.

As noted above, Wachovia eventually disbursed all of the loan principal except for approximately $57,000. The Keiths claim Wachovia's failure to disburse $50,000 of this amount for "tenant fit up" expenses caused a loss in revenue that "ensur[ed] failure" for Phase II. However, Wachovia had no duty to disburse these funds. Not only had liens been filed against Phase II, but the loan agreement itself did not authorize a disbursement for "tenant fit up." The agreement states: "Each request for disbursement shall in all cases be limited to items and certifiable costs set forth in the DCA [Development Cost Analysis] . . . .". A review of the Development Cost Analysis and its attachment shows no projected costs for tenant fit up. Wachovia had no duty to release the remaining funds for this purpose.

Since liens had been filed by materialmen and suppliers against the Phase II property, and since Wachovia had no duty to disburse funds for tenant fit up, we find Wachovia did not wrongfully fail to disburse the remaining loan funds. Therefore, the Keiths' claimed defenses of breach of contract due to failure to disburse, wrongful impairment of collateral, and breach of the duty of good faith are not available. The Keiths are liable to Wachovia for the remaining balance of the Carrington loan.

## II. Harold Keith's Counterclaim

Harold Keith filed a counterclaim against Wachovia listing four causes of action, each of which alleged an unfair or deceptive trade practice under N.C. Gen. Stat. § 75-1.1 (1994). We find no merit to these claims and affirm this portion of the trial court's judgment.

### A.

[2] Keith's first cause of action alleges Wachovia committed an unfair or deceptive trade practice by refusing to disburse funds as required under the loan agreement. However, as discussed above, Wachovia had no duty to disburse further funds, and thus this cause of action fails. A trade practice is unfair if it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). A trade practice is considered deceptive if it has the capacity or tendency to deceive. *Id.* Our review of the record shows no action by Wachovia which rises to this level. Wachovia simply exercised its right under the loan agreement to withhold funds.

Even if Wachovia had wrongfully failed to disburse funds, we note that a failure to disburse funds is a breach of contract issue. As this Court has said: "[A] mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. 75-1.1." *Branch Banking and Trust Co. v. Thompson*, 107 N.C. App. 53, 418 S.E.2d 694, *disc. review denied*, 332 N.C. 482, 421 S.E.2d 350 (1992).

### B.

[3] The second cause of action alleges Wachovia committed an unfair or deceptive trade practice by misapplying proceeds from the Wal-Mart sale. Keith claims a larger portion of the proceeds should have been applied to Carrington's outstanding debt, and that he should have been paid a real estate commission for the sale. However, we need not determine if Wachovia misapplied the funds and whether such misapplication would constitute unfair or deceptive trade practices because Keith agreed to Wachovia's application of the proceeds.

In December 1991, Carrington requested that Wachovia release a portion of the property Wachovia held under a deed of trust. Carrington then sold this property to Wal-Mart. At the time Wachovia released the Wal-Mart property, Keith signed a consent agreement approving Wachovia's application of the proceeds of the sale. In his

affidavit, Henry Knight describes the signing of the consent agreement as follows:

> In connection with the release of the Wal-Mart tract, Carrington, the Keiths and I signed an Acknowledgment and Consent agreement that specifically approved the disbursements of proceeds from the sale of the Wal-Mart tract and the application of those proceeds to the debt of Carrington. . . . Also in connection with the Wal-Mart sale, the partners of Carrington, Henry H. Knight and E. Harold Keith, signed a document ("Disbursement Schedule") prepared by Carrington's counsel entitled "Wal-Mart/Henry Knight Sale," agreeing to the application of proceeds from that sale. . . . At the time we executed the Disbursement Schedule, E. Harold Keith acknowledged that his real estate commission from the Wal-Mart tract was contributed to Carrington partnership capital by E. Harold Keith.

Based upon Knight's affidavit and the terms of the acknowledgment and consent agreement, and the disbursement schedule, it is clear Keith agreed beforehand to Wachovia's application of the Wal-Mart sale proceeds. Therefore, he cannot now complain that the proceeds were misapplied. Again, nothing in the record indicates Wachovia's actions regarding the Wal-Mart sale proceeds rise to the level of an unfair or deceptive trade practice and this cause of action fails.

C.

[4] Keith's third cause of action alleges Wachovia committed an unfair or deceptive trade practice by having a receiver appointed for the shopping center property and then by "engag[ing] in conduct to embarrass, humiliate, and damage Carrington and the Keiths" through its "agent," the court-appointed receiver, North Hills, Inc. (North Hills). We find no merit to this argument.

Keith argues Wachovia "wrongfully seized" the shopping center property by having a receiver appointed by the court. However, under provisions in Wachovia's deed of trust on Phase II and the perfected security interest in the Assignment of Rents on Phase I, Wachovia was entitled to appointment of a receiver for the property.

N.C. Gen Stat. § 1-502(1) (1983) states, in part, that a receiver may be appointed:

> Before judgment, on the application of either party, when he establishes an apparent right to property which is the subject of

the action and in the possession of an adverse party, and the property or its rents and profits are in danger of being lost, or materially injured or impaired . . . .

The record contains ample evidence that Carrington had severe financial difficulties at the time a receiver was appointed in May 1991. Therefore, Wachovia did not "wrongfully seize" the shopping center property since it had a right to protect its security interest in the property. Also, under the terms of the deed of trust securing Phase II, Wachovia was entitled to the appointment of a receiver upon default of any of the terms of the loan agreement. The loan balance remained unpaid and Carrington was in default at the time the receiver was appointed.

Keith further argues certain actions of North Hills, acting as the "agent" of Wachovia, constituted unfair or deceptive trade practices that can be attributed to Wachovia. However, as our Supreme Court has said: "[T]he position of the receiver is that of an officer of the court. . . . He is not appointed for the benefit of either party and does not derive his authority from either one. The parties have no authority over him . . . ." *Lowder v. All Star Mills*, 309 N.C. 695, 701, 309 S.E.2d 193, 198 (1983). As a matter of law, Wachovia is not responsible for the actions of North Hills. Assuming, *arguendo*, that North Hills' actions constituted unfair or deceptive trade practices, then North Hills would be the proper party to the action, not Wachovia. Therefore, this cause of action fails.

### D.

Keith's final cause of action alleges Wachovia committed unfair or deceptive trade practices by negotiating with Henry Knight to "dissipate the assets of Keith and Carrington for the benefit of Wachovia and Knight." However, appellants did not present or discuss this cause of action in their brief and it is therefore deemed abandoned pursuant to N.C.R. App. P. 28(a). All four of Keith's causes of action fail and the trial court correctly entered summary judgment for Wachovia on this counterclaim.

### III. Denial of Motion To Continue Summary Judgment Hearing

[5] The Keiths argue the trial court erred in denying their motion to continue the hearing on Wachovia's summary judgment motion. The Keiths argue the continuance should have been granted because Wachovia did not file its supporting affidavits at the time it moved for summary judgment as required by N.C.R. Civ. P. 6(d). Instead,

Wachovia filed the affidavits approximately three months after the filing of the motion and thirteen days before the hearing. The Keiths also argue the continuance should have been granted until the sale of certain collateral had been approved in the Knight bankruptcy proceeding.

The Keiths did not assign as error the trial court's acceptance of Wachovia's affidavits in support of the motion for summary judgment and we need not decide whether such acceptance was improper.

It is well established that the granting or denial of continuances is addressed to the sound discretion of the trial court. *Wood v. Brown,* 25 N.C. App. 241, 243, 212 S.E.2d 690, 691, *cert. denied,* 287 N.C. 469, 215 S.E.2d 626 (1975). A trial court's ruling on a motion to continue is not reviewable on appeal absent a manifest abuse of discretion. *Id.* Under these facts, we find no such abuse.

Although Wachovia did not file the supporting affidavits with the motion for summary judgment as required under N.C.R. Civ. P. 6(d), they were filed in sufficient time before the hearing to prevent any prejudice to the Keiths. Because these affidavits only served to supplement the pleadings and papers already filed, and since they only contained information already known to the Keiths, there was no unfair surprise. The trial court did not abuse its discretion by denying the motion for continuance on these grounds.

The Keiths also argue the continuance should have been granted until property serving as collateral for the loan had been sold. This decision was within the sound discretion of the trial court and the Keiths present no evidence of abuse of that discretion. We find no abuse of discretion in the trial court's denial of the Keiths' motion for continuance of the hearing on Wachovia's summary judgment motion.

For the reasons stated above, the decision of the trial court granting summary judgment for Wachovia is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.